**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In Re: | Chapter 11 |
| AJRANC INSURANCE AGENCY, INC. | Case No. 8:20-bk-6493-CED |
| NINE FAMILY CIRCLE HOLDINGS, INC. | Case No. 8:20-bk-6494-CED |
| R.A. BORRUSO, INC. | Case No. 8:20-bk-6495-CED |
| Debtors.                                                     / | *Jointly Administered under Case No. 8:20-bk-6493-CED* |
| AJRANC INSURANCE AGENCY, INC. | Case No. 8:20-bk-6493-CED |
| R.A. BORRUSO, INC. | Case No. 8:20-bk-6495-CED |
| Applicable Debtor(s).                                  / | |

**OBJECTION TO "DEBTOR'S MOTION TO ASSUME FRANCHISE AGREEMENT WITH GREATFLORIDA INSURANCE HOLDING CORP."**

Creditor, GreatFlorida Insurance Holding Corp., ("GreatFlorida") by and through its undersigned counsel and pursuant to § 365(c)(1) of the Bankruptcy Code, hereby files this Objection to Debtor, AJRANC Insurance Agency Inc's ("AJRANC") Motion to Assume Franchise Agreement with GreatFlorida, and states as follows:

1.   On November 25, 2020, Debtor, AJRANC, filed a Motion to Assume Franchise Agreement with GreatFlorida pursuant to § 365 of the Bankruptcy Code (Doc. # 66).  A copy of GreatFlorida's Franchise Agreement was attached to the Motion as Exhibit A.

2.   A debtor's right to assumption of an executory contract is not absolute and is subject to the limitations expressed in § 365.

3.   Specifically, § 365(c)(1) of the Bankruptcy Code provides:

> "<u>The trustee may not assume or assign any executory contract or unexpired lease of the debtor</u>, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if:
>
> (A) <u>applicable law excuses a party, other than the debtor, to such a contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession</u>, whether or not such contract or lease prohibits or restricts assignment or rights or delegation of duties; and
>
> (B) <u>such party does not consent to such assumption or assignment</u>" (Emphasis Added).

4. GreatFlorida's Franchise Agreement contains a Trademark License Agreement which states that ARJNAC "may not sell or otherwise assign or transfer the franchise conveyed by this Agreement, the Business, or any interest in any of these, or any interests in Franchisee [ARJNAC] without Franchisor's [GreatFlorida] prior written consent."

5. The Trademark License Agreement within GreatFlorida's Franchise Agreement is a recognized "legal prohibition against assignment" such that under § 365(c)(1)(A), the applicable law excuses a party, other than the debtor, to such a contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession. *See*, *In Re Trump Entertainment Resorts, Inc., et al.*, 526 B.R. 116, U.S. Bankruptcy Court, D. Delaware (2015).

6. Further, under the express language of the GreatFlorida Franchise Agreement and by way of this Objection, GreatFlorida does not consent to assumption of its Franchise Agreement, as is required by § 365(c)(1)(B) in order for the general provisions of § 365, allowing assumption of executory contracts to apply.

7. It is well-settled that federal trademark law bans assignment of trademark licenses absent the Franchisor's consent. *See*, *In Re Trump Entertainment Resorts Inc*, *et al.*, 526 B.R. 116,

U.S. Bankruptcy Court, D. Delaware (2015), (holding that the limitation on the assumption of executory contracts applies whenever the contract is subject to a legal prohibition against assignment to a third party and the non-debtor party to the contract does not consent to the assignment).

WHEREFORE, Creditor, GreatFlorida Insurance Holding Corp., respectfully requests this Court enter an order finding the franchise agreement is not assumable or assignable under Section 365(c)(1), of the Bankruptcy Code, denying AJRANC Insurance Agency Inc's Motion to Assume the franchise agreement with GreatFlorida, and for any other and further relief the Court deems just and proper.

**THE LIBEN LAW FIRM**

By:     */s/ Liben Amedie*
**LIBEN M. AMEDIE, ESQ.**
(Fla. Bar No. 0027415)
777 S. Harbour Island Blvd., Suite 940
Tampa, FL 33602
Telephone: (813) 344-3422
Facsimile: (813) 354-2731
Liben@libenlaw.com
*Counsel for GreatFlorida Insurance Holding Corp.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 8, 2021 a true correct copy of the foregoing has been furnished via Electronic Noticing to all parties receiving notice by CM/ECF, and via U.S. Mail to the Debtor at: AJRANC Insurance Agency, Inc. and Nine Family Circle Holdings, Inc., R.A. Borruso, Inc., 1128 Lake Hanna Dr, Lutz, FL 33549

*/s/ Liben Amedie*